UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC J. WILLIAMS,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>JAQUELINE DUDLEY, et al.,<br><br>　　　　　　　Defendants. | 23cv11018 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

　　The pro se plaintiff in this case filed his complaint over a year ago, on December 20, 2023. (ECF 1.) Defendants moved to dismiss on August 26, 2024. (ECF 24.) On September 25, 2024, I held a status conference to set a briefing schedule for the motion to dismiss, and I set the due date for Plaintiff's response to the motion to dismiss for November 30, 2024. (ECF 25.) Plaintiff did not meet that deadline, and on December 4, 2024, I extended Plaintiff's deadline retroactively until December 16, 2024. (ECF 26.) Plaintiff failed to meet the extended deadline, and I set a status conference for December 20, 2024. (ECF 27.) At that status conference, Plaintiff explained that he had not met the prior deadlines because he and his brother had been ill; I extended the deadline for Plaintiff's response to the motion to dismiss until January 21, 2025. (ECF 28.) On January 16, 2025, Plaintiff filed a letter requesting another extension of the deadline to file his response to the motion to dismiss. Plaintiff explains that he is having trouble finding legal assistance. (ECF 29.) Plaintiff's deadline to respond to the motion to dismiss is extended one last time, until **January 27, 2025**.

　　If Plaintiff does not file his opposition papers by **January 27, 2025,** I will treat the motion as unopposed and fully submitted, meaning that no additional briefs may be filed in connection with the motion. Plaintiff has been given a reasonable opportunity to respond to Defendants' motion to dismiss. Treating the motion as unopposed does not mean that I will necessarily recommend that the motion to dismiss should be granted, although I may do so. In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations

and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki,* 232 F.3d 231, 323–24 (2d Cir.2000) (internal citation omitted). In assessing the legal sufficiency of Plaintiff's pro se complaint, I will bear in mind that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble.* 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Accordingly, I will "liberally construe [the complaint] . . . , reading such submission[ ] to raise the strongest arguments [it] suggest[s]." *Bertin v. United States,* 478 F.3d 489, 491 (2d Cir.2007).

If Plaintiff does file a response to Defendants' motion to dismiss by **January 27, 2025,** Defendants' reply brief, if any, shall be filed by **February 18, 2025.** Whether or not Plaintiff files a response to the motion to dismiss, Defendants' motion to stay discovery, if any, shall be filed by **February 18, 2025.** The status conference set for **January 22, 2025** shall proceed as scheduled.

DATED:  January 17, 2025  
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**  
United States Magistrate Judge