UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC J. WILLIAMS,

                         Plaintiff,

      -v-

JAQUELINE DUDLEY, et al.,

                         Defendants.

23-CV-11018 (JPC) (RFT)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE JOHN P. CRONAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff Isaac Williams, proceeding without a lawyer (pro se) brings claims under federal, state, and city law against Defendants New York City Human Resources Administration ("NYCHRA"), Jacqueline Dudley, and Samuel Sulnave for alleged disability discrimination. (*See* ECF 1, Compl.) Pending before the Court is Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (*See* ECF 21, Mot. To Dismiss.) Having carefully reviewed the parties' submissions, and for the reasons set forth herein, I respectfully recommend that Defendants' motion be **GRANTED** but that Plaintiff be allowed leave to file an amended complaint.

## FACTUAL BACKGROUND

For purposes of the pending motion to dismiss, the Court must accept Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in her favor. *See City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017). Plaintiff's allegations are summarized below.

Plaintiff is a NYCHRA employee who suffers from "[m]ental illness." (*See* ECF 1, Compl. at 3-4.) Defendants "did not accommodate [his] disability." (*Id.* at 5.) He asked for a reasonable accommodation of "[f]ull time remote work . . . due to Mental Illness," which "would not be an issue for [NYCHRA]." (*Id.*) NYCHRA "claim[ed] that [the requested accommodation] would cause [NYCHRA] an undue hardship." (*Id.*) Plaintiff states that he could "prove [that this] is not the case," and "[t]here is paperwork with the Human Rights Commission that is not available at this time." (*Id.*)

## PROCEDURAL HISTORY

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or other government agency in or about September 2022, and he received a right to sue letter dated September 14, 2023 on September 25, 2023. (*Id.* at 6.) On December 20, 2023, Plaintiff, without a lawyer, filed the Complaint, alleging claims for disability discrimination under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (*See* ECF 1, Compl. at 4.)[1]

---

[1]    "In order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. § 2000e–5(f)(1)). Here Plaintiff alleges, and Defendants do not currently contest, that he received the right-to-sue letter from the EEOC on September 25, 2023, and that he filed his Complaint 86 days thereafter. (*See* ECF 1, Compl. at 6.) However, Defendants note that Plaintiff has not attached the right-to-sue letter to his Complaint or his opposition to the motion to dismiss. (*See* ECF 22, Defs.' Mem. in Supp. of Mot. To Dismiss at 2; ECF 36, Defs.' Reply at 1 n.1.)

Plaintiff paid the filing fee on January 26, 2024. On February 2, 2024, the Court referred this matter to me for general pretrial supervision and for issuing reports and recommendations on dispositive motions, which include motions that could lead to the dismissal of the case. (*See* ECF 9, Order of Reference.)

Defendants filed a motion to dismiss on August 26, 2024, arguing that Plaintiff did not adequately plead an ADA disability discrimination claim because he failed to allege that he was disabled within the meaning of the ADA and had experienced an adverse work event due to his disability. Defendants also assert that Plaintiff did not adequately plead an ADA failure to accommodate claim because he failed to allege that he notified NYCHRA of his disability, he could perform his essential job functions with reasonable accommodation, and NYCHRA denied his such reasonable accommodation or declined to engage in the interactive process with him. Defendants contend that Plaintiff did not adequately plead a discrimination claim under the NYSHRL or the NYCHRL. And Defendants argue that the claims against the individual Defendants should be dismissed. (*See* ECF 21, Mot. To Dismiss; ECF 22, Defs.' Mem. in Supp. of Mot. To Dismiss at 4-10.)[2]

Plaintiff's opposition was due on November 30, 2024. (*See* ECF 25, Order.) Plaintiff missed the deadline, and I extended his time to file until December 16, 2024. (*See* ECF 26, Order.) Plaintiff again missed the deadline, and I held a telephonic status conference on December 20, 2024, after which I set a new briefing schedule based on the parties' input. (*See*

---

[2]     Citations to the parties' filings reference the page numbers identified by the ECF page header.

ECF 28, Order.) I set a status conference for January 22, 2025, to find out whether Plaintiff had filed his opposition the day before as required. (*See* ECF 29, Order.)

On January 16, 2025, Plaintiff requested a further extension of time to file his opposition, explaining that he had been unable to obtain counsel. (*See* ECF 30, Letter.) I issued an order giving Plaintiff until January 27, 2025 to file his opposition and said that no further extensions would be granted: I stated that if Plaintiff did not submit an opposition by that date, I would treat the motion to dismiss as unopposed and fully submitted, meaning that no additional briefs could be filed in connection with the motion. (ECF 31, Order.) Both in the order and at the January 22, 2025 conference, I explained that treating the motion as unopposed did not mean that I would necessarily recommend that the motion to dismiss should be granted. In deciding an unopposed motion to dismiss, courts "assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).[3] I said that in assessing the legal sufficiency of Plaintiff's pro se complaint, I would bear in mind that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). I said that I would "liberally construe [the complaint] . . . , reading such submission[ ] to raise the strongest

---

[3]     Unless otherwise indicated, this report and recommendation omits internal quotation marks and citations from quotations.

arguments [it] suggest[s]." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007). Plaintiff stated at the conference that he intended to submit his opposition to the motion to dismiss on January 27, 2025.

Plaintiff filed his opposition on the new due date of January 27, 2025. (*See* ECF 32, Pl.'s Opp.) Defendants filed their reply in further support of their motion to dismiss on February 24, 2024. (*See* ECF 36, Defs.' Reply.)

## <u>LEGAL FRAMEWORK ON A MOTION TO DISMISS</u>

Judgment on a Rule 12(b) motion for "failure to state a claim upon which relief can be granted" is appropriate when the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion for failure to state a claim, the Court "must accept as true all of the allegations contained in a complaint," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In evaluating a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Extrinsic evidence may not be considered by the court, because "a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). However, an exception exists for extrinsic documents that are "integral" to the complaint, in that the plaintiff relied heavily upon such documents' "terms and effect[s]" in drafting the complaint, so long as it is "clear on the record that no dispute exists regarding the authenticity or accuracy of the document[s]." *DiFolco*, 662 F.3d at 111. "Where a defendant's motion to dismiss improperly includes a document that is neither incorporated by reference in the complaint nor integral to it, a district court must either ignore the extraneous document or convert the motion to dismiss into a motion for summary judgment and allow discovery to proceed before ruling." *Xiang v. Eagle Enters., LLC*, No. 19-CV-1752 (PAE), 2020 WL 248941, at *3 (S.D.N.Y. Jan. 16, 2020) (citing Fed. R. Civ. P. 12(d)).

Because Plaintiff is pro se, I interpret all of Plaintiff's filings to raise the strongest claims they may suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (explaining that the Court is obliged to construe pro se pleadings liberally). In addition, where, as here, a plaintiff is pro se, the Court may consider facts raised for the first time in a brief in opposition to a motion to dismiss when evaluating the adequacy of the plaintiff's allegations. *See Simmons v. Putnam/N. Westchester Bd. of Coop. Educ. Servs.*, No. 19-CV-10388 (VB), 2020 WL 5505366, at *1 n.3 (S.D.N.Y. Sept. 9, 2020) ("Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss.").

## DISCUSSION

Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(6) on the ground that Plaintiff fails adequately to plead his claims. I set out below the law relevant to his causes of action and discuss the adequacy of the factual allegations.

### I.    Individual Liability Under the ADA

The Second Circuit has long held that even individual defendants with supervisory control over a plaintiff may not be held personally liable under the ADA for employment discrimination. *See Givens v. City of N.Y.*, No. 11-CV-2568 (PKC) (JCF), 2012 WL 75027, at *4 (S.D.N.Y. Jan. 10, 2012) ("The ADA definition of employer mirrors the Title VII definition. Therefore, individual employees are also not employers as defined and regulated by the ADA."). Accordingly, I respectfully recommend that the motion to dismiss the ADA claims against the individual Defendants be GRANTED with prejudice.

### II.    Individual Liability Under NYSHRL and the NYCHRL

While individuals cannot be held liable as employers under the NYSHRL, s*ee Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318, 329 (S.D.N.Y. 2024) (collecting cases), they may still be liable under an aider-and-abettor theory. *See Lee v. Riverbay Corp.*, No. 22-CV-7504 (LTS), 2024 WL 4312166, at *15 (S.D.N.Y. Sept. 27, 2024). To state claims against the two individual Defendants under the NYSHRL for aiding and abetting discrimination or retaliation, Plaintiff would need to allege facts supporting a conclusion that those Defendants had aided and abetted NYCHRA in its alleged discriminatory or retaliatory conduct.

The NYCHRL makes it unlawful "[f]or an employer or an employee or agent thereof . . . [t]o discriminate . . . in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1)(a)(3). Thus, unlike the ADA, the NYCHRL permits individual liability for employees with supervisory authority for claims of both discrimination and retaliation. *See Nezaj*, 719 F. Supp. 3d at 330; *Russell v. N.Y. Univ.*, 42 N.Y.3d 377, 391 (2024).

Plaintiff fails to allege anything about the two individual Defendants. He therefore has not adequately pleaded that either one of them aided and abetted alleged discrimination or retaliation by the individuals or that either one of them had supervisory responsibility, such as by alleging that they hired Plaintiff, scheduled Plaintiff's work, or otherwise controlled the terms of Plaintiff's employment. I therefore respectfully recommend that the motion to dismiss the NYSHRL and NYCHRL claims against the individual Defendants be GRANTED without prejudice to Plaintiff's repleading those claims in an amended complaint.

**III.    Plaintiff Fails To Adequately Plead Claims for Disability Discrimination Under the ADA**

For the reasons set out below, I respectfully recommend that Defendants' motion to dismiss Plaintiff's ADA discrimination claims be GRANTED without prejudice to Plaintiff's repleading those claims in an amended complaint.

A.    Legal Framework

"The ADA prohibits employment discrimination against a qualified individual on the basis of disability." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). "The elements of an ADA [discrimination] claim are that: (1) the employer is subject to the ADA, (2) the employee is disabled or is perceived to be disabled as defined by the ADA, (3) the employee

is qualified to perform the essential functions of the job, with or without reasonable accommodations, and (4) the employee suffers an adverse employment action because of his disability." *Id.*

### 1. An Employer Subject to the ADA

"To be subject to the terms of the ADA, the defendant must be an employer, which, under the statute, is defined as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Pavel v. Plymouth Mgmt. Grp., Inc.*, 198 F. App'x 38, 40-41 (2d Cir. 2006) (quoting 42 U.S.C. § 12111(5)).

### 2. An Employee Who Is Disabled

As relevant here, the ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual" or "being regarded as having such an impairment." *Newell v. State Univ. of N.Y. Westchester Cmty. Coll.*, No. 22-CV-8524 (PMH), 2023 WL 4082030, at *3 (S.D.N.Y. June 20, 2023) (quoting 42 U.S.C. § 12102(1)). "The ADA contains a non-exhaustive list of major life activities, which includes caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Anderson v. City of N.Y.*, 712 F. Supp. 3d 412, 432 (S.D.N.Y. 2024) (quoting 42 U.S.C. § 12102(2)). "Factors to consider in determining whether a major life activity is substantially limited include: the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact." *Anderson*, 712 F.

Supp. 3d at 432-33. "[V]ague factual allegations [that] do not describe the conditions or

disorders causing the alleged impairments, or how these impairments substantially impacted

several major life activities or [the plaintiff's] ability to work" are insufficient to survive a

motion to dismiss. *Id.* at 433.

> 3.  An Employee Who Is Qualified To Perform
>     His Essential Job Functions With or Without Reasonable Accommodations

"The ADA does not define the term essential function, but EEOC regulations indicate

that the term encompasses the fundamental job duties of the employment position." *Schwartz*

*v. Middletown City Sch. Dist.*, No. 23-CV-1248 (KMK), 2024 WL 1257095, at *4 (S.D.N.Y. Mar. 25,

2024).

> 4.  An Employee Who Suffered an Adverse
>     Employment Action Because of His Disability or Perceived Disability

To constitute an adverse employment action in the context of a discrimination claim, an

action must cause "a materially adverse change in the terms and conditions of employment."

*Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008). The change in working conditions

"must be more disruptive than a mere inconvenience or an alteration of job responsibilities."

*Id.* (quoting *Sanders v. N.Y.C. Hum. Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)). "Examples of

such a change include termination of employment, a demotion evidenced by a decrease in

wage or salary, a less distinguished title, a material loss of benefits, significantly diminished

material responsibilities, or other indices unique to a particular situation." *Henry v. NYC Health*

*& Hosp. Corp.*, 18 F. Supp. 3d 396, 404 (S.D.N.Y. 2014) (quoting *Mathirampuzha*, 548 F.3d at

78).

Failing to grant an accommodation request, without more, is insufficient to adequately

plead an adverse employment action in the context of a disability discrimination claim. *See,*

*e.g.*, *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 457 (S.D.N.Y. 2023)

(explaining that "a failure to provide a reasonable accommodation in and of itself does not

equate to an adverse employment action in the disability discrimination context"); *Sosa v.*

*N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 496 (E.D.N.Y. 2019) (explaining that courts consider

the underlying conduct in connection with an alleged failure to accommodate and that the

failure to accommodate itself is insufficient to establish an adverse employment action). To

qualify as actionable discrimination, the failure to accommodate must result in some other

adverse employment action that materially changes the employee's working conditions. *See*

*Kirkland-Hudson*, 665 F. Supp. 3d at 457.

B.    <u>Analysis</u>

Defendants do not contest that NYCHRA is an employer within the meaning of the ADA

or that Plaintiff could perform his essential job functions with or without an accommodation.

Instead, they argue that Plaintiff fails adequately to allege that (1) he was disabled under the

ADA; and (2) that he suffered an adverse employment action because of his disability. (*See* ECF

22, Defs.' Mem. in Supp. of Mot. To Dismiss at 4-6.) I agree with Defendants' analysis.

1.    Plaintiff Fails Adequately To Allege that He Was Disabled Under the ADA

Plaintiff fails adequately to allege that he was disabled under the ADA, because he does

not identify any limitations on any major life activities caused by his mental illness. He never

says how his mental illness affected him and had an impact on his ability to do his job. "[V]ague

factual allegations [that] do not describe the conditions or disorders causing the alleged

impairments, or how these impairments substantially impacted several major life activities or

[Plaintiff's] ability to work" are insufficient to survive a motion to dismiss. *Anderson*, 712 F.

Supp. 3d at 433.

2.  Plaintiff Fails Adequately To Allege that He Suffered
An Adverse Employment Action Because of His Disability

Plaintiff also fails adequately to allege that he suffered an adverse employment action

because of his disability. He does not identify any adverse work event other than the denial of

his request to work from home. Plaintiff fails to explain how the requested accommodation

would have helped him do his job or how the alleged failure to accommodate his request to

work remotely affected the terms and conditions of his employment beyond merely being

inconvenient. And Plaintiff fails to explain the basis for his conclusion or supporting an

inference that he was denied the requested accommodation because of his mental illness.

**IV.    Plaintiff Fails Adequately To Plead ADA Failure To Accommodate Claims**

For the reasons set out below, I respectfully recommend that Defendants' motion to

dismiss Plaintiff's ADA failure to accommodate claims be GRANTED without prejudice to

Plaintiffs' repleading those claims in an amended complaint.

A.    <u>Legal Framework</u>

"A plaintiff states a *prima facie* failure to accommodate claim by demonstrating that (1)

plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by

the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could

perform the essential functions of the job at issue; and (4) the employer has refused to make

such accommodations." *Lake v. HealthAlliance Hosp. Broadway Campus*, 738 F. Supp. 3d 208,

216 (N.D.N.Y. 2024) (quoting *McMillan v. City of N.Y.*, 711 F.3d 120, 125-26 (2d Cir. 2013)).

Alternatively, the plaintiff can state a claim by meeting the first three criteria and by showing

that the defendant failed to engage in the interactive process. *See Gerard v. 1199 Nat'l Benefit*

*Funds*, No. 23-CV-7950 (DEH), 2024 WL 4188469, at *6 (S.D.N.Y. Sept. 13, 2024); *Sheng v.*

*M&TBank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017).

### 1.  An Employee Who Is Disabled

As is required for ADA discrimination claims, ADA failure to accommodate claims also

require "a showing that plaintiff is *disabled* within the meaning of the statute." *Lake*, 738 F.

Supp. 3d at 216.

### 2.  Notification to the Employer of the Disability

"Generally, it is the responsibility of the individual with a disability to inform the

employer that an accommodation is needed" for purposes of stating a prima facie failure to

accommodate claim. *Costabile v. NYC Health and Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020).

"[W]here the disability is obvious – which is to say, if the employer knew or reasonably should

have known that the employee was disabled, the employer is obligated to engage in an

interactive process with their employees and in that way work together to assess whether an

employee's disability can be reasonably accommodated." *Id.* (quoting *Brady v. Wal-Mart Stores,*

*Inc.*, 531 F.3d 127, 135 (2d Cir. 2008)). But to trigger the duty to engage in the interactive

accommodations process, "the employer must have known, or have had sufficient notice such

that the employer reasonably should have known, that the employee has a disability within the meaning of the Act, as opposed to a mere impairment." *Id.*; *see also Brady*, 531 F.3d at 135-36.

### 3. A Plaintiff Who Can Perform the Essential Functions Of His Job with Reasonable Accommodation

To satisfy the third prong of an ADA reasonable accommodation claim, the plaintiff must allege that "the requested accommodation – working remotely, indefinitely – would have permitted him to perform the essential functions of his employment." *Stanley v. City Univ. of N.Y.*, No. 18-CV-4844 (PAE), 2023 WL 2714181, at *20 (S.D.N.Y. Mar. 30, 2023) (quoting *McMillan*, 711 F.3d at 126). Alleging only that an accommodation was requested but not granted is insufficient: "[m]ore is needed to make plausible the allegation that [the plaintiff] could have performed all his essential duties from home." *Stanley,* 2023 WL 2714181 at *20 (citing *Smith v. Town of Ramapo*, 745 F. App'x 424, 426 (2d Cir. 2018) and affirming dismissal of a failure to accommodate claim because the complaint did not "plead that following his injury [the plaintiff] could have performed the essential duties of [his job], either with or without a reasonable accommodation"); *see also Coleman v. N.Y.C. Dep't of Health & Mental Hygiene*, No. 20-CV-10503 (DLC), 2022 WL 704304, at *4 (S.D.N.Y. Mar. 9, 2022) (upholding a claim where the plaintiff had "sufficiently plead[ed] that he was able to perform essential aspects of his role, for instance performing wellness checks, while working remotely" and "emphasiz[ed] that the essential functions of the job could be completed from home").

To satisfy this prong of an ADA reasonable accommodation claim, the plaintiff also must allege facts demonstrating that the requested accommodation is reasonable. An accommodation is deemed reasonable if the essential functions of the plaintiff's particular job

can still be performed with the accommodation. A reasonable accommodation may include

"job restructuring, part-time or modified work schedules, reassignment to a vacant position,

acquisition or modification of equipment or devices, appropriate adjustment or modification of

examinations, training materials or policies, [or] the provision of qualified readers or

interpreters." *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 230 (2d Cir. 2017) (quoting 42 U.S.C. §

12111(9)). The reasonableness of an accommodation is determined at the time of the request

or offer. *See Laguerre v. Nat'l Grid USA*, No. 20-3901, 2022 WL 728819, at *5 (2d Cir. Mar. 11,

2022) (summary order) (indicating that "reasonableness" is determined "at the time of [the

plaintiff's] accommodation request"). "A reasonable accommodation can never involve the

elimination of an essential function of a job." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100

(2d Cir. 2003).

### 4.    The Employer's Failure To Make
### Reasonable Accommodation or To Engage in the Interactive Process

An employer is liable for failure to provide a reasonable accommodation when the

employer denies a reasonable accommodation request or "is responsible for a breakdown in

the interactive process." *Thompson v. City of N.Y.*, No. 03-CV-4182 (JSR) (JCF), 2006 WL

2457694, at *5 (S.D.N.Y. Aug. 10, 2006), *report and recommendation adopted*, 2006 WL

6357978 (S.D.N.Y. Sept. 11, 2006), *aff'd sub nom. Thompson v. N.Y.C. Dep't of Prob.*, 348 F.

App'x 643 (2d Cir. 2009). At the motion to dismiss stage, a plaintiff sufficiently pleads a claim of

failure to accommodate when he includes factual allegations that his request for an

accommodation was denied even though the accommodation would not present an undue

hardship to the employer and the employer did not engage in an interactive process. *See*

*Coleman*, 2022 WL 704304, at *4 (finding that the plaintiff's allegation that there were two vacant positions which his employer could have reassigned him to was sufficient to state a claim of failure to accommodate).

"An employer impedes the [interactive] process when: the employer knows of the employee's disability; the employee requests accommodations or assistance; the employer does not in good faith assist the employee in seeking accommodations; and the employee could have been reasonably accommodated but for the employer's lack of good faith." *Bohen v. Potter*, No. 04-CV-1039S, 2009 WL 791356, at *13 (W.D.N.Y. Mar. 23, 2009). A plaintiff may sufficiently plead that an employer failed to engage in the interactive process by alleging that the employer proposed unreasonable alternative accommodations, stated that it would not reconsider the proposed unreasonable alternative accommodations, or refused to consider the plaintiff's proposed accommodations. *See Goonan v. Fed. Rsrv. Bank of N.Y.*, 916 F. Supp. 2d 470, 483-84 (S.D.N.Y. 2013) (holding that the plaintiff had pleaded sufficient factual allegations to show that his employer had failed to participate in the interactive process when it refused to consider telecommuting as a possible accommodation and provided unreasonable alternative accommodations). An employee cannot state a claim based on an employer's failure to engage in an interactive process if the employee cannot plead that a reasonable accommodation existed. *See McElwee v. County of Orange*, 700 F.3d 635, 644-46 (2d Cir. 2012). A plaintiff's "failure to analyze the nature of [his] responsibilities" means "by definition" that the plaintiff cannot plead that a reasonable accommodation existed. *Stanley*, 2023 WL 2714181, at *20.

B.     Analysis

Defendants argue that Plaintiff fails adequately to allege that he was disabled under the ADA; that he notified NYCHRA of his disability; that he could perform the essential functions of his job with reasonable accommodation; and that NYCHRA refused to make a reasonable accommodation or refused to engage in the interactive process. (*See* ECF 22, Defs.' Mem. in Supp. of Mot. To Dismiss at 6-8.) Plaintiff responds that he provided "relevant medical documentation" when he made his request for a reasonable accommodation, which demonstrates that he is disabled and that Defendants were on notice of his disability. (*See* ECF 32, Pl.'s Opp. at 2.) He asserts that he could perform all his essential work functions as a Supervisor II from home except meeting with clients who requested to see a supervisor, which happens infrequently and could be covered by co-workers with the same job title or by the Center Director; in support, he notes that his office has been on a hybrid schedule for about a year and that he and his co-workers with the same job title work from home twice a week. (*See id.* at 2-3.) He disputes Defendants' contention that approving his accommodation request would cause undue hardship at his office. (*See id.* at 2.) Defendants respond that Plaintiff's failure adequately to allege that he was disabled means that Plaintiff has not properly pleaded a failure to accommodate in violation of the ADA. (*See* ECF 36, Defs.' Reply at 4-5.) Defendants also argue that Plaintiff concedes that he could not perform all his essential job functions remotely by asserting that other employees could cover those tasks that could only be handled in person; Defendants contend that "the mere existence of co-workers teleworking twice a week is not a sufficient justification . . . that his employer would not endure undue hardship if

he was granted his request to work remotely on a full-time basis." (*Id.* at 5.) I agree with Defendants' positions.

### 1. Plaintiff Fails Adequately To Allege that He Was Disabled Under the ADA

As set forth in Part III.B.1, Plaintiff has failed to allege that he has a disability under the ADA. This issue is dispositive for Plaintiff's failure to accommodate claim and in and of itself requires dismissal of the claim. *See Davis v. New York*, No. 23-CV-116 (JLS) (JJM), 2023 WL 10351576, at *3 (W.D.N.Y. Dec. 20, 2023).

It would be permissible to end the analysis here, without addressing the remaining elements of a failure to accommodate claim. *See, e.g.*, *id.*; *Wood v. ViacomCBS/Paramount*, No. 22-CV-6323 (LTS) (KHP), 2024 WL 4451742, at *6 (S.D.N.Y. July 15, 2024) ("Because Plaintiff has failed to allege that he is a person with a disability within the meaning of the ADA, he does not satisfy the requirements for a failure to accommodate claim. Accordingly, the failure to accommodate claim also should be dismissed."), *report and recommendation adopted*, 2024 WL 4263117 (S.D.N.Y. Sept. 23, 2024). Nevertheless, because I recommend that Plaintiff be given an opportunity to amend, I address the additional deficiencies in his ADA failure to accommodate claim.

### 2. Plaintiff Fails Adequately To Allege that NYCHRA Had Notice of His Disability

Plaintiff does not clearly allege that NYCHRA had notice of his disability. He alleges that he requested a reasonable accommodation of "[f]ull time remote work . . . due to Mental Illness" (ECF 1, Compl. at 5.), which suggests that he may have informed NYCHRA in general terms of the reason for the request. He also alleges that he included medical documentation

with his accommodation request. (*See* ECF 32, Pl.'s Opp. at 2.) However, he does not expressly say that he told NYCHRA that he was seeking an accommodation because of his disability of mental illness; and he does not expressly say that he explained to NYCHRA the specific nature of his disability, or how his mental illness substantially interfered with his performance of major life activities, or which major life activities were affected. His bare-bones allegation on this subject is insufficient to adequately plead that NYCHRA had notice of his disability. *See Costabile*, 951 F.3d at 82-83 (holding that the plaintiff had not sufficiently alleged that the employer was aware of his disability or that an accommodation was required, even though the plaintiff had previously been on medical leave for work-related injuries and the defendants received updates from the plaintiff's doctor); *MacEntee v. IBM (Int'l Bus. Machs.)*, 783 F. Supp. 2d 434, 444 (S.D.N.Y. 2011) (finding that a plaintiff who had merely informed her manager that she was depressed had not provided "sufficient notice, or demonstrate[d] a request for an accommodation that [the employer] refused, under the ADA," because the plaintiff had not stated that her depression required any accommodations).

### 3. Plaintiff Fails Adequately To Allege that He Could Perform His Essential Job Functions with Reasonable Accommodation

Plaintiff fails adequately to allege that he could perform the essential functions of his job with reasonable accommodation. He does not explain what his job responsibilities were, and he does not explain how working remotely would allow him to do his job notwithstanding the limitations caused by his disability. It is true that he makes the conclusory assertion that he could perform all his essential work functions as a Supervisor II from home except meeting with clients who requested to see a supervisor, which happens infrequently and could be handled by

co-workers with the same job title or by the Center Director. (*See* ECF 32, Pl.'s Opp. at 2.) In support, he explains that his office has been on a hybrid schedule for about a year and that he and his co-workers with the same job title work from home twice a week. (*See id.* at 2-3.) That Plaintiff works from home twice a week does suggest that he can perform some of his essential job responsibilities from home. But his conclusory allegation that he can perform the "majority of [his] work" from home is insufficient to adequately plead his failure to accommodate claim. (*Id.* at 2); *see also Stanley*, 2023 WL 2714181, at *20 (dismissing claim where the complaint failed "to analyze the nature of [the plaintiff]'s responsibilities" as a maintenance and labor supervisor and to explain why working "remotely indefinitely . . . was a reasonable accommodation pursuant to which [the plaintiff] could have performed the essential functions of his job").

Plaintiff also does not explain why his requested accommodation of working remotely was reasonable. He states that he can prove that granting the request would not cause NYCHRA undue hardship, but the only concrete factual allegations he makes to support this assertion are that there are co-workers with the same job title who could cover those job responsibilities that he could not perform from home and that he and his co-workers have worked remotely twice a week for about a year. (*See* ECF 32, Pl.'s Opp. at 2-3.) Plaintiff therefore has failed adequately to allege the reasonableness of his requested accommodation. *See Stanley*, 2023 WL 2714181, at *20 (finding that the plaintiff had failed to "concretely allege" why the proposed accommodation request to work remotely would not have been an undue hardship for his employer).

4.    Plaintiff Fails Adequately To Allege that NYCHRA Declined To Grant Him a
Reasonable Accommodation or To Engage in the Interactive Process

Plaintiff fails adequately to allege that NYCHRA declined to grant him a reasonable

accommodation. Plaintiff alleges NYCHRA denied his requested accommodation because

granting it "would cause [NYCHRA] an undue hardship." (ECF 1, Compl. at 5.) Plaintiff does not

"concretely allege why such was not so." *Stanley*, 2023 WL 2714181, at *20. Rather, he merely

alleges he could "prove" NYCHRA's reason for denying him full-time remote work is not an

undue hardship, but he alleges no facts supporting his assertion. (ECF 1, Compl. at 5.)

Plaintiff also fails adequately to allege that NYCHRA declined to engage in the interactive

process. Plaintiff provides no details at all about what happened when he asked to work

remotely, which makes it impossible to evaluate whether both parties engaged in the

interactive process. *See Lee v. Saul*, 19-CV-6553 (PGG) (SN), 2020 WL 7029264, at *3 (S.D.N.Y.

Aug. 31, 2020) (dismissing failure to accommodate claim where the plaintiff "provide[d]

no details or specific facts describing how the Defendant failed to engage in the interactive

process"), *report and recommendation adopted in part and modified in part on other grounds*,

2020 WL 5836513 (S.D.N.Y. Sept. 30, 2020). Plaintiff also has not explained what his position

was and what his job responsibilities entailed, which "by definition" means that he has not

pleaded that a reasonable accommodation existed. *See Stanley*, 2023 WL 2714181, at *20. And

an employee cannot state a claim for failure to accommodate premised on the employer's

refusal to engage in the interactive process if the employee has not shown that a reasonable

accommodation was available. *See McElwee*, 700 F.3d at 644-46.

**V.      The Court Should Decline To Exercise**
**Supplemental Jurisdiction Over Plaintiff's NYSHRL and NYCHRL Claims**

If Your Honor agrees with my conclusion that Plaintiff has failed to state a claim for

violation of the ADA, either based on discrimination or a failure to accommodate, I respectfully

recommend, for the reasons set forth below, that the Court decline to exercise supplemental

jurisdiction over Plaintiff's state and local law claims.

A court with original jurisdiction over claims in a case "shall have supplemental

jurisdiction over all other claims that are so related to claims in the action . . . that they form

part of the same case or controversy under Article III." *F5 Cap. v. Pappas*, 856 F.3d 61, 77 (2d

Cir. 2017) (quoting 28 U.S.C. § 1367(a)). Claims are considered "part of the same case or

controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith &*

*Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Plaintiff's state law claims form part

of the same case or controversy as the federal claims that I have recommended be dismissed.

Courts have discretion when deciding whether to exercise supplemental jurisdiction

over a state and local law claim, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173-

74 (1997), but when those claims meet the "same case or controversy" test under subsection

1367(a), "the discretion to decline supplemental jurisdiction is available only if founded upon

an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245. As relevant here,

subsection 1367(c) permits a court to decline to exercise supplemental jurisdiction if it "has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Therefore,

the Court may choose not to exercise its discretion to decline supplemental jurisdiction over

Plaintiff's remaining state and local law claims.

However, after dismissing all claims over which it has original jurisdiction, a court should not decline to exercise supplemental jurisdiction absent a determination that exercising supplemental jurisdiction would not promote "economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Both the Second Circuit and the Supreme Court have "held that when the federal claims are dismissed the state claims should be dismissed as well." *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *Gibbs*, 383 U.S. at 726). "Although this is not a mandatory rule, the Supreme Court has stated that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lynch*, 154 F.3d at 61 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having considered these factors, I respectfully recommend that Your Honor decline to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims. Resolution of those claims in state court would avoid "needless decisions of state law" and city law by this Court, which would promote the interests of comity and justice. *Moran v. Tryax Realty Mgmt., Inc.*, No. 15-CV-8570 (RJS), 2016 WL 3023326, at *4 (S.D.N.Y. May 23, 2016) (quoting *Gibbs*, 383 U.S. at 726). This Court is no more familiar with the facts and legal issues of this case than any court would be at the pleading stage. And declining to exercise supplemental jurisdiction would not be unfair, because the New York state court system can address the NYSHRL and NYCHRL

claims. *See, e.g.*, *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 942-44 (S.D.N.Y. 2018), *aff'd*, 791 F. App'x 211 (2d Cir. 2019).

**VI.    Leave To Amend**

Plaintiff does not request leave to amend, and the Court is not obligated to grant leave to amend sua sponte. *See Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) (holding, where the plaintiff did not seek leave to amend in opposition to the motion to dismiss, that the district court did not abuse its discretion by failing to grant him such leave sua sponte). Moreover, a "plaintiff need not be given leave to amend" where, as here, he "fails to specify . . . how amendment would cure the pleading deficiencies in its complaint." *Moniodes v. Autonomy Cap. (Jersey) LP*, No. 20-CV-5648 (GHW), 2021 WL 3605385, at *8 (S.D.N.Y. Aug. 11, 2021).

However, "[i]n this circuit, it is the usual practice upon granting a motion to dismiss to allow leave to replead." *Leneau v. Ponte*, No. 16-CV-0776 (GHW), 2018 WL 566456, at *18 (S.D.N.Y. Jan. 25, 2018) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). "[A] pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that [she] has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Plaintiff has "not yet had the benefit of a decision of the Court explaining the pleading standards necessary for his claims to survive a

motion to dismiss." *Al-Haj v. Akuamoah*, No. 19-CV-6072 (LJL), 2021 WL 964211, at *5 (S.D.N.Y. Mar. 15, 2021).

Of course, "leave to amend a complaint may be denied when amendment would be futile." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)); *see also Moniodes*, 2021 WL 3605385, at *8. But I believe that granting Plaintiff leave to amend the Complaint would not necessarily be futile. Plaintiff has not yet had an opportunity to submit an amended complaint, and Plaintiff now has the benefit of the Court's analysis to cure the deficiencies identified in this report and recommendation. *See, e.g.*, *Norman v. Experian Info. Sols., Inc.*, No. 23-CV-9245 (GHW), 2024 WL 1175201, at *3 (S.D.N.Y. Mar. 19, 2024) ("The pleading deficiencies identified in the R&R and this order may be corrected, so amendment is not necessarily futile.").

A.   Plaintiff's ADA Claims Against NYCHRA

With respect to the ADA discrimination claim against NYCHRA, Plaintiff could survive a motion to dismiss if he can file an amended complaint adding true allegations that:

- explain the exact nature of his mental illness, and in particular how his mental illness substantially limits him in performing major life activities;

- explain how the requested accommodation of working remotely would have helped him do his job;

- explain how the alleged failure to accommodate that request to work remotely affected the terms and conditions of his employment beyond merely being inconvenient; and

- explain his basis for concluding that NYCHRA denied his request because of his disability.

And with respect to the ADA failure to accommodate claim, Plaintiff could survive a motion to dismiss if he can file an amended complaint adding true allegations that:

- explain the exact nature of his mental illness, and in particular how his mental illness substantially limits him in performing major life activities and in his ability to do his job;

- explain exactly when and how he notified NYCHRA of his disability and that he was seeking an accommodation *because of* his disability;

- explain how the requested accommodation would have helped him to do his job and why it was reasonable; and

- explain the circumstances of NYCHRA's refusal to agree to the requested accommodation and/or of NYCHRA's refusal to engage him in an interactive process about his accommodation request, including any back and forth between Plaintiff and NYCHRA about his accommodation request.

****

If Plaintiff is permitted to file an amended complaint to address the problems with his claims under the ADA, he should be permitted to include claims based on the same facts and circumstances under the NYSHRL and the NYCHRL; if the Court declines to dismiss the ADA claims in an amended complaint filed by Plaintiff, it would have no reason to decline to exercise

supplemental jurisdiction over state and local law claims arising out of the same operative facts

if Plaintiff can adequately plead claims under state and local law.

B.    <u>Plaintiff's NYSHRL Claims Against the Individual Defendants</u>

With respect to the NYSHRL claims against the individual Defendants, Plaintiff could

survive a motion to dismiss if he can file an amended complaint adding true allegations that, in

addition to the allegations described above, explain exactly when and how each individual

Defendant assisted NYCHRA (1) in committing any discriminatory act against Plaintiff or (2) in

connection with any failure to grant a reasonable accommodation request by Plaintiff.

C.    <u>Plaintiff's NYCHRL Claims Against the Individual Defendants</u>

With respect to the NYCHRL discrimination claims against the individual Defendants,

Plaintiff could survive a motion to dismiss if he can file an amended complaint adding true

allegations that each individual Defendant had supervisory authority over Plaintiff at NYCHRA,

such as allegations that each individual Defendant hired Plaintiff, scheduled Plaintiff's work, or

otherwise controlled the terms of Plaintiff's employment, plus true allegations that:

- explain how each individual Defendant committed a discriminatory act against
  him that is prohibited by the NYCHRL; or

- explain how each individual Defendant assisted NYCHRA in committing any
  discriminatory act that is prohibited by the NYCHRL.

With respect to the NYCHRL failure to accommodate claims against the individual Defendants,

Plaintiff could survive a motion to dismiss if he can file an amended complaint adding true

allegations that each individual Defendant had supervisory authority over Plaintiff at NYCHRA,

such as allegations that each individual Defendant hired Plaintiff, scheduled Plaintiff's work, or otherwise controlled the terms of Plaintiff's employment, plus true allegations that:

- explain exactly when and how he requested a reasonable accommodation from NYCHRA because of his disability; and

- explain how each individual Defendant either (1) refused or failed to hold an interactive process for Plaintiff's requested accommodation; or (2) assisted NYCHRA in its refusal or failure to hold an interactive process for Plaintiff's requested accommodation.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss be GRANTED but that Plaintiff be granted leave to replead his ADA, NYSHRL, and NYCHRL claims against NYCHRA, and his NYSHRL and NYCHRL claims against the individual Defendants. If Your Honor adopts this recommendation, I further respectfully recommend that Plaintiff be given 30 days from the date of Your Honor's order to file an amended complaint that addresses the issues identified in this report and recommendation and advances claims under the ADA, the NYSHRL, and the NYCHRL. If Your Honor adopts this report and recommendation, Plaintiff should be instructed to attach his right-to-sue letter to his amended complaint (if he has a copy

of the right-to-sue letter), and Plaintiff should be informed that his amended complaint would

replace and not supplement the Complaint.

DATED:  February 27, 2025
        New York, New York

                                      Respectfully Submitted,


                                      **ROBYN F. TARNOFSKY**
                                      United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections by Defendants shall be served on Plaintiff, who is pro se, and Defendants shall file proof of such service on the docket within two business days of such service. Any requests for an extension of time for filing objections must be addressed to Judge Cronan.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).