UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
: 
ISAAC J. WILLIAMS, :
:
Plaintiff, :
:
-v- : 23 Civ. 11018 (JPC) (RFT)
:
JACQUELINE DUDLEY *et al.*, : ORDER ADOPTING
: REPORT AND
Defendants. : RECOMMENDATION
:
----------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

    Plaintiff Isaac J. Williams brings this action alleging claims under the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Dkt. 1. On February 27, 2025, the Honorable Robyn F. Tarnofsky, to whom this case has been referred for general supervision of pretrial proceedings and the issuance of recommendations on dispositive motions, issued a Report and Recommendation, recommending that the Court dismiss some claims with prejudice, dismiss others without prejudice, and grant Williams leave to amend with respect to the claims dismissed without prejudice. Dkt. 38 ("R&R").

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no

objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 30. The Report and Recommendation was electronically filed on February 27, 2025, and was mailed to Williams the following day. *See* Fed. R. Civ. P. 6(d) (adding three days if service is made by mail). No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Notwithstanding this waiver, the Court has reviewed the Report and Recommendation *de novo*, finds it to be well reasoned and its conclusions well founded, and adopts it as follows.

The Court dismisses Williams's ADA claims without prejudice to the extent that they are asserted against Defendant New York City Human Resources Administration and with prejudice to the extent that they are asserted against Defendants Jacqueline Dudley and Samuel Salnave. Those dismissals are for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for the reasons stated in Parts I, III, and IV of the Report and Recommendation. *See* R&R at 7-21.

The Court declines to exercise supplemental jurisdiction over Williams's NYSHRL and NYCHRL claims for the reasons stated in Part V of the Report and Recommendation, and dismisses those causes of action without prejudice. *See id.* at 22-24. Because the Court dismisses these state and city law claims for lack of supplemental jurisdiction, the Court does not reach

whether, were the Court to exercise supplemental jurisdiction over those claims, they should be dismissed as against Dudley and Sulnave because the Complaint fails to plausibly allege aiding and abetting liability or supervisory responsibility, as discussed in Part II of the Report and Recommendation. *See id.* at 7-8.

For the reasons stated in Part VI of the Report and Recommendation, Williams may file an amended complaint on or before April 17, 2025, to address the pleading deficiencies identified in the Report and Recommendation. *See id.* at 24-28. In any amended complaint, Williams may re-plead only those claims that are dismissed without prejudice. *See id.* Williams is cautioned that he should only file an amended pleading if he believes in good faith that he can remedy the problems identified in the Report and Recommendation. Williams is also reminded that an amended complaint would completely replace—not supplement—his existing Complaint, so any allegations and documents that Williams would like the Court to consider at the pleading stage should be alleged in or attached to the new complaint.

The Court, however, declines to order Williams to attach a copy of his right-to-sue letter to an amended complaint. *See id.* at 28-29. With respect to Williams's ADA claims, the statute's administrative exhaustion and timeliness requirements operate as affirmative defenses, not elements of a plaintiff's claim or jurisdictional prerequisites that must be alleged at the pleading stage. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) (holding that "the burden of pleading and proving" exhaustion (or the lack thereof) under 42 U.S.C. § 2000e-5 "lies with defendants and operates as an affirmative defense"); *Magnotti v. Crossroads Healthcare Mgmt., LLC*, 126 F. Supp. 3d 301, 310 (E.D.N.Y. 2015) (explaining that a "plaintiff is 'not required to demonstrate at the pleading stage that his claims were administratively exhausted'" (quoting *DiPetto v. U.S. Postal Serv.*, 383 F. App'x 102, 104 (2d Cir.2010) (summary order))).

3

The Court does agree, however, that Williams "may well wish to attach" the full right-to-sue letter to his amended complaint "in the interest of completeness," and he is of course free to do so if he chooses. *Magnotti*, 126 F. Supp. 3d at 310 n.3.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is respectfully directed to close the motion at Docket Number 21.

SO ORDERED.

Dated: March 18, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

4