UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC J. WILLIAMS,

                    Plaintiff,

  -against-

JAQUELINE DUDLEY, et al.,

                    Defendants.

23-CV-11018 (JPC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge**:

      Plaintiff has requested that I appoint counsel for him. (ECF 56, Mot.) In civil cases, unlike in criminal cases, there is no guaranteed right to counsel, and the Court must rely on volunteer lawyers to take on civil matters on a pro bono basis. The Court may request that the Clerk of Court look for volunteers in a particular case, but because volunteer lawyers are a scarce resource, the Court may only ask the Clerk of Court to do so in circumstances that are not present here.

      Section 1915(e)(1) authorizes district courts to seek counsel for civil litigants unable to afford counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (citing 28 U.S.C. § 1915(e)(1)). In deciding whether to do so, a court must first "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to

present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62.

To begin with, Plaintiff has not demonstrated that his position is likely to be of substance. To the contrary, on September 4, 2025, I issued a report and recommendation that Plaintiff's complaint should be dismissed. (ECF 55.) Even if Plaintiff had shown that his position is likely to be of substance, Plaintiff has not shown that he is unable to investigate the facts; indeed, most of the relevant facts about Plaintiff's requests for accommodation and Defendants' denials are within Plaintiff's own knowledge. Plaintiff has not shown that there is likely to be conflicting evidence that would require cross-examination – Plaintiff has not indicated there is any evidence other than his own belief on the key issue in the case of whether his requested accommodation of working remotely was reasonable. While Plaintiff characterizes the legal issues here as complex (ECF 56, Mot.), the primary issue about the reasonableness of his request to work remotely is not particularly complicated and would not be beyond the ability of a lay person to understand and explain. Nor has Plaintiff identified any other special reason why finding counsel for Plaintiff would increase the prospect of a just resolution in this matter.

Finally, Plaintiff has not shown that he sought help from both private lawyers and public interest lawyers who declined to assist him. *See Jenkins v. Chem. Bank*, 721 F.2d 876, 880 (2d Cir. 1983) (the decision to appoint counsel for an indigent civil plaintiff must consider "the efforts taken by the plaintiff to obtain a lawyer," which requires evidence of the plaintiff's "reasonably diligent effort under the circumstances"). Plaintiff has said only that he contacted several lawyers for help but that they turned him down. (ECF 56, Mot.)

For the foregoing reasons, Plaintiff's motion for appointment of counsel is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF 56.

Dated: September 18, 2025
      New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge